Benjamin I. Whipple
1150 South Colony Way
Palmer, Alaska 99645
bwhipple@mtaonline.net
907-745-1776
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Stanton M. Buch and <br> Sharon A. Stinus, <br><br>   Plaintiffs, <br><br> v. <br><br> United States of <br> America, <br><br>   Defendant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. |

## COMPLAINT

COME NOW plaintiffs Stanton M. Buch and Sharon A. Stinus, through counsel, and for their complaint against the United States of America allege on information and belief, as follows:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2680, 2401(b) and 28 U.S.C. §§ 1331 and 1346(b).

2. On September 20, 2011 Stanton M. Buch submitted an administrative claim for negligent supervision to the U.S. Department of the Army.

3. On September 20, 2011 Sharon A. Stinus, the

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
BUCH-PLE-201.wpd

Case 3:15-cv-00136-HRH   Document 2₁  Filed 08/13/15   Page 1 of 5

mother of Stanton Buch, submitted an administrative claim for negligent supervision and negligent infliction of emotional distress to the U.S. Department of the Army.

4. On July 31, 2014 the U.S. Department of the Army denied the two administrative claims referenced above. The claimants, through counsel, requested reconsideration of the denial.

5. On February 19, 2015 the U.S. Department of the Army again denied the two administrative claims referenced above. All conditions precedent to a Federal Tort Claims Act have been met.

6. Venue is properly within this District under 28 U.S.C. § 1402(b) as the act complained of occurred in the District of Alaska.

7. Plaintiff Stanton Buch is a resident of the State of Washington.

8. Plaintiff Sharon Stinus is a resident of the State of Pennsylvania.

9. The United States of America, for the U.S. Department of the Army, is the appropriate defendant under the Federal Tort Claims Act.

10. The amount in controversy exceeds $75,000.

11. In September 2009 plaintiff Stanton M. Buch was enlisted with the U.S. Army and stationed at Ft. Wainwright, near Fairbanks. Distraught over difficulties in a domestic relationship and under the influence of alcohol and medications, Mr. Buch attempted suicide by slashing his wrists. Mr. Buch was found alive and rushed to medical care at Bassett Army Community Hospital. He was then transferred

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
BUCH-PLE-201.wpd

to the mental health unit at defendant Fairbanks Memorial Hospital, where he was admitted voluntarily on September 24, 2009 and then discharged to the care of the U.S. Army on September 25, 2009.

12. By contract and by its undertaking in assuming the care and custody of plaintiff Buch, a known suicide risk, defendant U.S. Army formed a special relationship with patient Stanton M. Buch. This special relationship gave rise to a duty on the part of defendant to supervise Mr. Buch appropriately, which in his case included the duty to protect Mr. Buch from himself.

13. Defendant breached its duties to plaintiff by negligently failing to place him on a suicide prevention watch with adequate safeguards.

14. That night, after discharge, plaintiff Buch, unwatched and unchallenged, left base, purchased a handgun and, under the influence of alcohol, attempted suicide again. He survived the attempt but injured himself severely in the head. These self-destructive actions, given his suicide attempt the day previous, were reasonably forseeable by defendant, given its special relationship with plaintiff and custodial role.

15. Before he pulled the trigger plaintiff Buch contacted his mother, plaintiff Sharon Stinus, by telephone, and apprised her of the gun and of his intentions. Ms. Stinus desperately tried to dissuade plaintiff Buch from harming himself and tried to ascertain his whereabouts so she could direct Army personnel to him in time. Ms. Stinus was thereby a bystander to the harm which befell Mr. Buch.

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
BUCH-PLE-201.wpd

16. Defendant owed Ms. Stinus a duty to refrain from conduct, including that alleged above, which would with reasonable foreseeability result in her harm.

17. Defendant breached its duty to Ms. Stinus by the acts and omissions alleged above.

18. As a direct and proximate cause of defendant's negligence, Ms. Stinus suffered severe emotional distress and depression from her exposure to the harm experienced by her son, with physical symptoms including headaches, sleeplessness and loss of appetite.

19. Defendant is liable to Ms. Stinus for negligent infliction of emotional distress.

20. As a direct and proximate cause of defendant's negligence, plaintiff Buch suffered grievous physical wounds, emotional distress, pain and suffering and loss of enjoyment of life.

21. As a direct and proximate result of defendant's negligence, plaintiff has required and in future will require significant medical, rehabilitational and other related treatment. Almost all of the cost of this treatment has been borne by defendant, but there have been some uncovered expenses and plaintiff anticipates there will be more such in the future.

22. As a direct and proximate result of defendant's negligence, plaintiff Buch has suffered "severe permanent physical impairment or severe disfigurement" within the meaning of A.S. § 09.17.010(c).

23. Plaintiff Buch's injuries and plaintiff Sharon Stinus' injuries did not arise out of or flow from any course

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
BUCH-PLE-201.wpd

Case 3:15-cv-00136-HRH   Document 2   Filed 08/13/15   Page 4 of 5

of activity incident to Stanton Buch's service with the U.S. Army.

WHEREFORE, plaintiffs pray for relief from this honorable Court, as follows:

1. For compensatory damages in an amount to be proved at trial;

2. For reasonable attorney's fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

DATED this _____ day of August 2015.

By  /s/ Benjamin I. Whipple
   Benjamin I. Whipple
   Alaska Bar No. 9311096
   Attorney for Plaintiffs
   1150 S. Colony Way
   Palmer, Alaska 99645
   bwhipple@mtaonline.net
   907-745-1776

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
BUCH-PLE-201.wpd

Case 3:15-cv-00136-HRH   Document 2   Filed 08/13/15   Page 5 of 5