IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

STANTON M. BUCH and SHARON A. )
STINUS, )
                                                               Plaintiffs, )
)
     vs. )
)
UNITED STATES OF AMERICA, )
) No. 3:15-cv-0136-HRH
                                                   Defendant. )
_____)

O R D E R

Motion to Dismiss

Defendant moves to dismiss plaintiffs' complaint.[1] This motion is opposed.[2] Oral argument was requested[3] but is not deemed necessary.

Background

Plaintiffs are Stanton M. Buch and Sharon A. Stinus. Defendant is the United States of America.

---

[1]Docket No. 7.

[2]Docket No. 11.

[3]Docket No. 13.

-1-

In September 2009, Buch "was enlisted with the U.S. Army and stationed at Ft. Wainright, near Fairbanks," Alaska.[4] Buch was "[d]istraught over difficulties in a domestic relationship and under the influence of alcohol and medications" when he "attempted suicide by slashing his wrists."[5] Buch was "rushed to medical care at Bassett Army Community Hospital" and "then transferred to the mental health unit at ... Fairbanks Memorial Hospital[.]"[6] Buch was "voluntarily" admitted to Fairbanks Memorial Hospital on September 24, 2009 and "then discharged into the care of the U.S. Army on September 25, 2009."[7] "That night, after discharge, ... Buch, unwatched and unchallenged, left base, purchased a handgun and, under the influence of alcohol, attempted suicide again."[8] Buch "survived the attempt but injured himself severely in the head."[9] Before Buch "pulled the trigger[,]" he "contacted his mother, plaintiff Sharon Stinus, by telephone, and apprised her of the gun and of his intentions."[10] Stinus "desperately tried to dissuade ... Buch from

---

[4]Complaint at 2, ¶ 11, Docket No. 1.

[5]Id.

[6]Id. at 2-3.

[7]Id. at 3.

[8]Id. at 3, ¶ 14.

[9]Id.

[10]Id. at 3, ¶ 15.

harming himself and tried to ascertain his whereabouts so she could direct Army personnel to him in time."[11] "Stinus was thereby a bystander to the harm which befell ... Buch."[12]

On August 13, 2015, plaintiffs commenced this Federal Tort Claims Act (FTCA) action. Plaintiffs allege that U.S. Army personnel breached a duty to supervise Buch "by negligently failing to place him on a suicide prevention watch with adequate safeguards."[13] Plaintiffs allege that Buch "suffered grievous physical wounds, emotional distress, pain and suffering and loss of enjoyment of life" as a result of defendant's negligence.[14] And they allege that Stinus "suffered severe emotional distress and depression from her exposure to the harm experienced by her son[.]"[15] Plaintiffs allege that their injuries "did not arise out of or flow from any course of activity incident to Stanton Buch's service with the U.S. Army."[16]

Defendant now moves to dismiss plaintiffs' complaint pursuant to the Feres doctrine.

---

[11]Id.

[12]Id.

[13]Id. at 3, ¶¶ 12-13.

[14]Id. at 4, ¶ 20.

[15]Id. at ¶ 18.

[16]Id. at 4-5, ¶ 23.

Discussion

"A motion to dismiss pursuant to the Feres doctrine is properly treated as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction[.]" Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Here, defendant is making a facial attack. The court "therefore 'assume[s] [plaintiffs'] [factual] allegations to be true and draw[s] all reasonable inferences in [their] favor.'" Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)). The court does not, "however, accept the 'truth of legal conclusions merely because they are cast in the form of factual allegations.'" Id. (quoting Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)).

"As a sovereign, the United States is immune from suit unless it waives such immunity." Chadd v. United States., 794 F.3d 1104, 1108 (9th Cir. 2015). "The FTCA waives the federal government's sovereign immunity, rendering the United States liable 'in the same manner and to the same extent as a private individual under like circum-

stances....'" Ritchie v. United States, 733 F.3d 871, 874 (9th Cir. 2013) (quoting 28 U.S.C. § 2674). "In 1950, however, the Supreme Court carved out a judicial exception to the FTCA, holding in Feres v. United States that 'the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.'" Id. (quoting Feres v. United States, 340 U.S. 135, 146 (1950)). "It subsequently extended this principle—known informally as the Feres doctrine—in Stencel Aero Engineering Corp. v. United States, 431 U.S. 666 (1977), to bar third-party claims which derive directly or indirectly from injuries to service members incident to military duty." Id.

"The Feres doctrine is applicable 'whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States.'" Zaputil v. Cowgill, 335 F.3d 885, 887 (9th Cir. 2003) (quoting Hodge v. Dalton, 107 F.3d 705, 710 (9th Cir. 1997)). "'The test has been broadly construed to immunize the United States and members of the military from any suit which may intrude in military affairs, second-guess[] military decisions, or impair[] military discipline.'" Id. (quoting Jackson v. Brigle, 17 F.3d 280, 282 (9th Cir. 1994)).

To determine whether a service member's injuries arise from activity "incident to service", the court considers four factors:

> "(1) the place where the negligent act occurred, (2) the duty status of the plaintiff when the negligent act occurred, (3) the

>benefits accruing to the plaintiff because of the plaintiff's status as a service member, and (4) the nature of the plaintiff's activities at the time the negligent act occurred."

McConnell v. United States, 478 F.3d 1092, 1095 (9th Cir. 2007) (quoting Costo v. United States, 248 F.3d 863, 867 (9th Cir. 2001)). "[N]one of these factors are dispositive." Id. Rather, the court must look at "the totality of the circumstances." Id. (citation omitted).

Consideration of these factors leads to the conclusion that plaintiffs' alleged injuries arose out of activity incident to Buch's service in the Army. At the time of his second suicide attempt, Buch was an enlisted soldier serving on active duty. Plaintiffs have alleged that the cost of almost all of Buch's medical treatment as a result of his second suicide attempt "has been borne by defendant[.]"[17] And, the alleged negligent act, the failure of U.S. Army personnel to provide adequate psychiatric care for Buch after his release from the hospital, presumably took place on base.

Plaintiffs' argument to the contrary is unavailing. Plaintiffs point out that the sole express military exception in the FTCA is for "[a]ny claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." 28 U.S.C. § 2680(j). Thus, because plaintiffs' claims did not arise out of combatant activities of the military, plaintiffs argue that their FTCA claims should not be dismissed.

---

[17]Complaint at 4, ¶ 21, Docket No. 1.

Although plaintiffs are correct that the only statutory military exception in the FTCA is for combatant activities, that does not mean that the <u>Feres</u> doctrine does not apply here. The <u>Feres</u> doctrine is a <u>judicially</u> created exception to the waiver of sovereign immunity in the FTCA that applies in military cases, such as this one, which do not involve combatant activities. And, as discussed above, plaintiffs' alleged injuries arose out of activity incident to Buch's service in the Army. Although Buch was off base when he attempted suicide a second time, plaintiffs' claims are based on the Army's failure to supervise one of its soldiers. Such claims plainly fall within the reach of the <u>Feres</u> doctrine. Thus, plaintiffs' claims are barred by <u>Feres</u> doctrine, and they must be dismissed.

<u>Conclusion</u>

Plaintiffs' request for oral argument[18] is denied. Defendant's motion to dismiss[19] is granted. The clerk of court shall enter judgment dismissing plaintiffs' claims with prejudice.

DATED at Anchorage, Alaska, this 21st day of March, 2016.

/s/ H. Russel Holland
United States District Judge

---

[18] Docket No. 13.

[19] Docket No. 7.